JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>1769 N. HIGHLAND, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No.: CV 19-10765-DMG (GJSx)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [25]** |

On December 20, 2019, Plaintiff Daniel Lopez filed the Complaint in this action against Defendants 1769 N. Highland, LLC and Seven Days Station, Inc., alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). [Doc. # 1.] On January 22, 2021, Plaintiff filed the instant Motion for Partial Summary Judgment ("MSJ"). [Doc. # 25.] The motion is fully briefed. [Doc. ## 26, 27.] For the reasons set forth below, the Court **DENIES** Plaintiff's MSJ and *sua sponte* **DISMISSES** the action.

**I.**

**FACTUAL BACKGROUND**

At all relevant times, Defendant 1769 N. Highland, LLC is and was the owner of the real property at 1787 N. Highland Avenue in Los Angeles, California, where a Valero gas

station ("Gas Station") is located. Pl.'s Statement of Uncontroverted Facts ("SUF") at ¶¶ 3-4 [Doc. # 26-1]. Defendant Seven Days Station, Inc. is and was the owner and operator of the Gas Station. *Id.* at ¶ 5. On October 5, 2019, Plaintiff, a paraplegic who uses a wheelchair for mobility, visited the Gas Station to shop at its convenience store. *Id.* at ¶ 6. As Plaintiff began to browse the merchandise aisles, he found that at least one path of travel was too narrow to accommodate his wheelchair, causing frustration and making it difficult for him to find the items he was looking to buy. *Id.* at ¶ 7-8.

Plaintiff's investigator Evens Louis attests that he inspected the Gas Station on December 11, 2019. *Id.* at ¶ 9. Louis measured the space within the merchandise aisles, finding that some narrowed to approximately 10-26 inches wide. *Id.* at ¶ 10.

On June 19, 2020, Plaintiff's Certified Access Specialist ("CASp") expert, Allen Sipe, also inspected the Gas Station. *Id.* at ¶ 11. Sipe's inspection revealed that, at the time of his visit, the merchandise aisles were all at an ADA-compliant width of more 36 inches. *Id.* at ¶ 12.

## II.
## DISCUSSION

Plaintiff seeks summary judgment only on the Unruh Act claim for damages, conceding that his ADA claim for solely injunctive relief is now moot. *See* Reply at 8.[1] Accordingly, because Plaintiff admits that the violation no longer exists and that the request for injunctive relief is moot, the Court **DISMISSES** the ADA claim with prejudice.

Defendants request, *inter alia*, that the Court decline to exercise supplemental jurisdiction over the remaining state law claim. Under 28 U.S.C. section 1367(c)(3), a federal district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." In considering whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (emphasis added). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

This is "the usual case." Although discovery has been completed and the case has reached summary judgment, almost no judicial energy has been expended. *See Rogers v. Irvine Co. LLC*, No. SA CV 13-0638-DOC, 2014 WL 2865699, at *2 (C.D. Cal. June 24, 2014) (declining to exercise supplemental jurisdiction over Unruh Act claim when ADA claim was dismissed at summary judgment and "there was no motion work, no discovery disputes, and almost no filings overall"). Therefore, the Court declines to exercise supplemental jurisdiction and **DISMISSES** the Unruh Act claim without prejudice.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiffs' ADA claim is **DISMISSED** with prejudice, and the Unruh Act claim is **DISMISSED** without prejudice. The MSJ is **DENIED** as moot. The February 19, 2020 hearing is **VACATED**.

**IT IS SO ORDERED.**

DATED: February 16, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE